PER CURIAM.
We affirm the trial court’s order denying Griffin Industries’ petition to set aside a civil investigative demand, which the Attorney General issued pursuant to section 542.28, Florida Statutes (1993). The civil investigative demand requires this privately held corporation to produce the minutes from its board of directors meetings from January 1984 to the present. This production will not become a public record. See § 542.28(9), Fla.Stat. (1993). The Attorney General has agreed to an order prohibiting disclosure of this investigative evidence to anyone without further order from the trial court. We conclude that the two standards limiting disclosure in section 542.28(3) do not protect these minutes from disclosure to the Attorney General. See generally Associated Container Transp. (Australia) Ltd. v. United States, 705 F.2d 53, 58 (2d Cir.1983) (discussing civil investigative demands issued pursuant to Antitrust Civil Process Act, 15 U.S.C. §§ 1311-1314 (1980)).
We recognize that the scope of disclosure available under each of the two differing standards in section 542.28(3) is not well explained in the statute and that case law has not adequately distinguished one standard from the other. Nevertheless, the limited and confidential production sought by the Attorney General does not present a controversy in this case requiring a full discussion of the two standards.
Affirmed.
FRANK, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.